Solomon Wolcott, Treasurer, *versus* Nehemiah Strout, Jr.

Where the agent of the town, in May, 1835, without authority, agreed to give A. B., C. D., and E. F., a good and sufficient deed of a school lot, "providing the town get liberty from the legislature to sell the same," if not, to give back certain notes given by the consideration for said land, or to pay four hundred dollars as damage for non-performance — and the town without taking any measures to procure authority from the legislature to sell — in Aug. 1839, voted that the doings of their agent in relation to the school lot, with the defendant, be ratified and confirmed, so far as the said doings relate to taking and continuing possession by the purchaser and the giving of the note to the Treasurer and no further — and that the agent give a good and sufficient deed pursuant to the contract made in May, 1835, — and said agent did tender a deed, which was refused — it was held ; —

That the agent having no authority to make the contract, the purchaser could neither compel the town to perform it or pay damages for non-performance ; —

That the votes of the town were no sufficient ratification of the contract of the agent ; —

That if the town would ratify the contract — it was their duty within a reasonable time to obtain authority from the legislature to sell ; —

That having neither confirmed the contract nor obtained such authority, the note was without consideration and void.

Assumpsit on a note of hand signed by the defendant for \$200, dated May 28, 1835, and payable in one, two, and three years, to Daniel Herring, Treasurer of Poland, or his successor — with interest annually.

The facts in the case are fully stated in the opinion of the Court.

The cause was argued in writing, by *Dunn,* for the plaintiff, and by *Woodman,* for the defendant.

For the plaintiff, it was insisted that the lot belonged to the town of Poland — and that the contract made had been performed on their part and was binding on the defendant — and that the promises in the note and contract are mutual and *independent* — and that therefore the plaintiff was entitled to recover. *Saco Man. Co.* v. *Whitney,* 7 Greenl. 256 ; *Brinley* v. *Tibbetts,* 7 Greenl. 70 ; *How* v. *Mitchel & als.*

For the defendant, it was contended — that no deed was to be given by the town, unless liberty to sell was obtained from

the legislature, and that that was a condition precedent. *Brinley* v. *Tibbets*, 7 Greenl. 72 ; *Attwood* v. *Clark*, 2 Greenl. 249. That the condition was to be performed in a reasonable time. *Eveleth* v. *Scribner*, 3 Fairf. 26.    That a reasonable time had elapsed and the authority had not been procured. *Kingsley* v. *Wallis*, 14 Maine R. 57 ; *Howe* v. *Huntington*, 15 Maine R. 350.    When a promise is made by one party in consideration of some act to be done, which is the consideration of the promise, and the thing stipulated to be done is not done, the promise founded on such consideration, may be avoided. *Griggs* v. *Austin*, 3 Pick. 20 ; *Savage*, v. *Whitaker*, 15 Maine R. 24 ; *Rounds* v. *Baxter*, 4 Greenl. 458 ; *Couch* v. *Ingersol*, 2 Pick. 301 ; *Willington* v. *West Boylston*, 4 *Pick.* 101 ; *Hunt* v. *Livermore*, 5 Pick. 395.    The town of Poland was to procure authority.    The deed tendered, without procuring such authority, was void.    Spec. Laws, 478, § 2.    There has been an entire failure of consideration.    *Rice* v. *Goddard*, 14 Pick. 295 ; *Dickinson* v. *Hall*, 14 Pick. 217 ; *Winter* v. *Livingston*, 13 Johns. 54 ; *Phelps* v. *Decker*, 10 Mass. R. 279.    Had the defendant paid any money towards this contract, it might have been recovered back.    *Junkins* v. *Simpson*, 14 Maine R. 364 ; *Shearer* v. *Fowler*, 7 Mass. R. 31 ; *Peters* v. *Ballister*, 3 Pick. 495 ; *Spring* v. *Coffin*, 10 Mass. R. 31 ; *Davis* v. *Marston*, 5 Mass. R. 199.

Dunn did not bind himself, and the contract not binding him, furnished no consideration for the note.    The agent is not bound unless he use apt words for that purpose.    *Stetson* v. *Patten*, 2 Greenl. 358 ; *Harper* v. *Little*, 2 Greenl. 14. The principal was bound, if the agent had authority ; if not, the agent is liable in an action of the case.    *Long* v. *Colburn*, 11 Mass. R. 99 ; *Emerson* v. *Providence Hat Man. Co.* 12 Mass. R. 237.    But such liability affords no consideration for the note.

The opinion of the Court was delivered by

WHITMAN C. J. — By the statement of facts, agreed upon between the parties in this case, it appears that the suit is

upon a note of hand, bearing date May 28, 1835, given by the defendant to a former treasurer of the town of Poland, promising to pay him or his successor in office the sum of two hundred dollars, in one, two, and three years from its date, with interest annually. At the time this note was given it appears, that a contract was entered into in the following terms, viz. "I James Dunn, as agent for the town of Poland, agree to give Nehemiah Strout, jr. Joseph Strout and Oliver Marble a good and sufficient deed of a school lot of land, presumed to be numbered 116, lying near William Dunn's plains-field, and the lot the said Dunn and the said Joseph Strout have recently cleared on, providing the said town get liberty from the Legislature to sell the same, and, if not, to give back certain notes given by them to them again, or pay them four hundred dollars as damage for non-performance. May 28, 1835, James Dunn, agent for Poland."

From the statement of facts we understand, that the above note was given in part consideration for the above contract. All the authority, which the said Dunn had for entering into the contract, was derived from a vote passed at the annual meeting of the inhabitants of Poland in 1835, which is in the words following; "Voted to choose an agent to sell the school lots in town — chose James Dunn the above agent." In the warrant calling the meeting, there were the usual articles for the choice of town officers; but no article alluding to the school lands or the sale thereof. No further doings took place by the inhabitants of Poland till April, 1839, after the commencement of this suit, in reference to the execution of the contract, when a meeting was held in pursuance of articles on the subject, at which it was voted, "that James Dunn's doings with Nehemiah Strout, Jr., about the school lot 116, in May, 1835, be hereby ratified and confirmed, so far as the said doings relate to the taking and continuing possession, by the said Strout, and the giving of the note to the treasurer of the town, and no further." At an adjournment of the same meeting a further vote was passed, in the following words, "to choose an agent to give and execute a good and sufficient warrantee

deed of the school lot No. 116, to Nehemiah Strout, jr. Joseph Strout and Oliver Marble, in pursuance of the agreement made with them in May, 1835, by James Dunn, Esq. — chose Tillson Waterman the said agent." It is agreed that no measures had ever been taken to procure the authority of the Legislature for the sale of said lot.

It appears that this, and one other lot of land, were reserved by the proprietors of Bakerstown, so called, for the use of schools; and that Bakerstown was incorporated in 1795, by the name of Poland, including what was afterwards incorporated by the name of Minot; and that the lot in question lies within the present limits of Poland, which town has had the superintendence of it ever since the incorporation took place. Soon after the date of said note and agreement, it is agreed, that the defendant took possession of the lot, and exercised acts of ownership thereon, by " making openings, cutting, clearing and taking the crops therefrom," for the three succeeding seasons. It is agreed, that, after the commencement of this action, a deed was prepared by Tillson Waterman, professedly in pursuance of the last named vote, in which he, as agent, under his hand and seal, purports to convey the said lot to said Nehemiah, Joseph and Oliver; and which he tendered to them; and which they refused to receive.

Upon this state of the facts in this case, it is agreed, that such judgment, on default or nonsuit, shall be entered as may be in conformity to law. The defendant contends, that the note was given either without consideration, or for a consideration which has wholly failed. At the time the contract was signed by Dunn it is very clear that he had not sufficient authority for the purpose. There being no article in the warrant concerning school lands, any vote passed concerning them must be regarded as wholly inoperative. The individuals contracted with by Dunn, therefore, could never have compelled the inhabitants of Poland to comply with the terms of the contract, or have recovered damages of them for the breach of it. And the inhabitants, to this day, have studiously refused, as may be seen in their votes of 1839, to ratify and confirm the

contract according to its terms.  They have never obtained or attempted to obtain from the Legislature, authority to sell the lot, although it would seem, that a reasonable time had elapsed therefor, long before the institution of this suit.  That it was a part of the agreement, as understood by the parties, that this should be done is undeniable.  The defendant, and those associated with him, therefore, could not be expected to accept a deed of the lot till this prerequisite had been complied with.

The plaintiff, in behalf of the inhabitants of Poland, contends that they have a good right to convey the lot in fee simple, without any authority from the Legislature for the purpose.  How this may be, it is not necessary for us to decide.  We know, however, that it has been usual, and indeed we know of no exception to the contrary, where lands have been similarly situated, for towns to obtain legislative enactments to authorize the sale of such lands, and to cause the proceeds to be secured according to the terms of the reservation by the original proprietors.  This consideration, doubtless, induced the defendant and those associated with him, to entertain a doubt, to say the least of it, as to the capacity of the inhabitants of Poland to make a good title to the purchasers without such legislative aid.  At any rate, it was a part of the contract, as they understood it, and as is clearly imported by its terms, that such aid should be obtained.  That not having been done, and James Dunn not having had any authority to make such a contract, and the inhabitants of Poland having neglected or refused to adopt or ratify it according to its terms, it would be unreasonable that they should be allowed, now, to avail themselves of the consideration stipulated to be paid for it.  The note therefore may be considered as having been given without consideration, and a nonsuit must be entered.